*Law Office of Richard Groves*
Richard N. Groves, Attorney at Law     State Bar # 4014
4045 E. Union Hills Drive, Suite 126
Phoenix, Arizona 85050
Telephone: (602) 230-0995 Fax (602) 569-9354
email: rgroves0@cox.net

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Bradley Swinson,** an individual )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>**LVNV Funding, LLC;** )<br>**Guglielmo and Associates, LLC** an )<br>Arizona limited liability company; )<br>**Paul D. Guglielmo,** a licensed Arizona )<br>Attorney; )<br>)<br>Defendant(s) ) | CV08-<br><br>**CIVIL  COMPLAINT** |

Plaintiff Bradley Swinson, by and through his counsel undersigned, brings this proceeding to challenge the actions of Defendants with regard to their unlawful attempts to collect an alleged consumer debt due another, on the grounds and in the amounts set forth herein.

Plaintiff alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named Defendants and in support thereof alleges the following:

This action arises out of the facts and circumstances surrounding the attempts at collection of an alleged consumer debt. Plaintiff, an individual consumer, institutes this action for actual out-of-pocket damages, statutory damages, attorney fees, and the costs of this action against the Defendants to redress the deprivation of the rights granted to the Plaintiff by the Fair Debt Collection Practices Act, *15 U.S.C. §1692* et.seq. (hereinafter the "**FDCPA**", with further citations to the Act to take the form "§ ___," omitting the prefatory "15 USC").

## PARTIES

1   Plaintiff, Bradley Swinson, is a natural person and consumer who resides in Maricopa County, Arizona.

2.   Defendant LVNV Funding, LLC (hereinafter "**LVNV**") is an organization of unknown organization, which is not authorized to do business in Arizona.

3.   Defendant LVNV is engaged in the collection of consumer debt which it has acquired from the original creditor after default. Defendant LVNV does not extend credit to any of the consumers whose debts it allegedly acquires. Rather, the sole purpose of the alleged acquisition of these defaulted consumer debts is their collection, for profit.

4.   Defendant LVNV retains Defendant Guglielmo and Associates, LLC to represent it in the attempt to collect alleged consumer debts.

5. Defendant LVNV is vicariously liable for the violations of the FDCPA committed by its attorney(s). See *Clark v. Capital Credit & Collection*, 460 F.3d 1162 (9th Cir. 2006); also *Fox v. Citicorp*, 15 F.3d 1507, 1516 (9th Cir. 1994).

6. Defendant **Guglielmo and Associates, LLC** (hereinafter "Law Firm") is an Arizona limited liability company, engaged in the business of collecting debts alleged to be due another through the use of the mail and civil litigation in Arizona courts.

7. Defendant Law Firm, as a professional limited liability company, can act only through its members, employees and agents. Therefore, Defendant Law Firm is liable for the acts of its members, employees, and agents within the scope of their authority under the doctrine of respondent superior. See *U.S. v. Hilton Hotels Corp*, 467 F. 2d 1000 (9th Cir. 1972) cert. denied 409 U.S. 1125 (1972); also *Restatement (Second) of Agency, § 343*.

8. Defendant Paul D. Guglielmo (hereinafter "**Guglielmo**") is a natural person, a licensed Arizona attorney, and one of the managing members of Defendant Law Firm.

9. Plaintiff believes, and therefore alleges herein, that Defendant Guglielmo created the collection policies and procedures utilized by Defendant Law Firm at the time of the violations of the FDCPA alleged by Plaintiff in this action.

10. Plaintiff believes, and therefore alleges herein, that Defendant Guglielmo manages the daily collection operations of Defendant Law Firm,

3

approving the application of its collection policies and procedures towards an alleged debtor.

11. When a corporation debt collector's employees violate the FDCPA, the corporation's executives are personally liable for the violation if they materially participated in it. ***United States v. ACB Sales & Serv., Inc.***, *590 F. Supp. 561, 575 (D. Ariz. 1984) (citing **Murphy Tugboat Co. v. Shipowners & Merchants Towboat Co., Ltd.** 467 F. Supp. 842, 852 (N.D. Cal. 1979 )aff'd sub nom. **MurphyTugboard Co., v. Crowley**, 658 F. 2d 1256 (9th Cir. 1981), cert. denied 455 U.S.1018 (1982).* [1]

12. "Participation" includes approving an employee's action. ***Chatlovsky v. Heldenbrand & Associates***, *CIV4-310 PHX JWS (D. Ariz. 2004).*

13. Defendant Law Firm authorized Defendant Guglielmo to act as its agent, or alternatively allowed Defendant Guglielmo to hold himself out as its agent. At all times pertinent herein, Defendant Guglielmo communications with Plaintiff are imputed to Defendant Law Firm, as he made these communications as the agent of Defendant Law Firm.

14. Defendant Law Firm ratified the acts of Defendant Guglielmo in that Defendant Law Firm gave Defendant Guglielmo's acts

  (1) approval by act word or conduct;
  (2) with full knowledge of the facts of the earlier act; and
  (3) with the intention of giving validity to the earlier act.

15. Plaintiff alleges that at all times relevant herein, each of the Defendants were, and are now, the agent, servant, employee and/or other

---

[1] See also ***Boatley v. Diem Corp.***, *CIV03-0762 PHX SMM (D. Ariz. 2004)*; ***Brink v. First Credit Resources***, *57 F. Supp. 2d 848 (D. Ariz. 1999).*

4

representative of the other Defendants, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendants. Any reference hereinafter to "Defendants", without further qualification, is meant by the Plaintiff to refer to each Defendant named above.

## JURISDICTION AND VENUE

16. Jurisdiction of this Court is invoked pursuant to *15 U.S.C. § 1692k(d)*, and *28 U.S.C. § 1331*. Venue is conferred on this Court by *28 U.S.C. § 1391(b)-(c)*, and *28 U.S.C. § 1991(b)*.

## STATEMENT OF PREDICATE FACTS

17. That on about June 23, 2008, Defendant Paul Guglielmo did sign and file a Civil Complaint in Kyrene Justice Court, alleging that Plaintiff was indebted to Defendant LVNV for credit card purchases made primarily for personal, family or household purposes. (See copy of complaint attached hereto and incorporated herein by reference as Plaintiff's Exhibit A).

18. That Exhibit A states at paragraph 1::

> **1. Plaintiff is authorized to do business in the State of Arizona.**

19. That a review of the Arizona Corporation Commission's website shows that Defendant LVNV is not registered as a domestic or foreign business entity.

20. That a review of the Arizona Secretary of State's website shows

that Defendant LVNV is not registered as a trade name in the State of Arizona.

21. That a review of the Maricopa County Recorder Office's website failed to show any form of authorization from the State of Arizona to do business therein.

22. That a review of the Pima County Recorder Office's website failed to show any form of authorization from the State of Arizona to do business therein.

## FDCPA CLAIMS

23. That Plaintiff Bradley Swinson is a consumer, as defined by the FDCPA, *§ 1692a(3)*.

24. That the debt that is the subject matter of Exhibit A is a "consumer debt" as defined by *15 U.S.C. §1692a(5)*.

25. That Defendant LVNV is a debt collector as that term is defined by the FDCPA *§ 1692a(6)*.

26. That Defendant Law Firm is a debt collector as that term is defined by the FDCPA *§ 1692a(6)*.

27. Defendant Guglielmo is a "debt collector" as that term is defined by the FDCPA *§ 1692a(6)*.

28. That Exhibit A is a "collection communication" as that term is defined by the FDCPA *§ 1692a(2)*.

29. That Paragraph of Defendants' collection communication (Exhibit A) contains a false statement per se utilized in the attempt to collect a consumer debt.

30. That Paragraph of Defendants' collection communication (Exhibit A) contains a false representation and deceptive means utilized in the attempt to collect a consumer debt.

31. As a result of Defendants' violations of the FDCPA, Plaintiff has suffered out-of-pocket actual damages, and is therefore entitled to actual damages pursuant to *15 U.S.C. § 1692k (a)(1)* against each and every Defendant; statutory damages in an amount up to $ 1,000.00 pursuant to *15 U.S.C.§ 1692k(a)(2)(A)* against each and every Defendant; and reasonable attorney's fees and costs pursuant to *15 U.S.C. § 1692k(a)(3)* from each and every Defendant.

32. All of Defendants' actions occurred within one year of the date of this Complaint.

33. At no time has Plaintiff expressly, or impliedly, waived any of his rights to proceed in this action for the violation of the FDCPA.

## CAUSES OF ACTION - FDCPA VIOLATION

34. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs as though fully pleaded.

35. Defendants' collection communications have violated at least the following provisions of the FDCPA [2]:

    a. Violation of *15 U.S.C. §1692e*

    d. Violation of *15 U.S.C. §1692f(1)*

36. That upon information and belief, Defendants' collection efforts have resulted in additional violations of the FDCPA

---

[2] *Humes v. Blatt, Hasenmiller, Liebsker & Moore*, 2007 U.S. Dist. LEXIS 72344 (S.D. Indiana 2007); *Gervais v. Riddle & Associates*, 2007 U.S. Dist. LEXIS 19533 (D. Conn. 2007)

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that judgment be entered in his favor and against each and every Defendant, jointly and severally, for:

a. An Order of this Court declaring that Defendants' practices violate the FDCPA;

b. Actual out-pocket-damages in an amount to be proven at trial as to each Defendant, pursuant to *15 U.S.C. § 1692k(a)(1);*

c. Statutory damages of $1,000 as to each Defendant, pursuant to *15 U.S.C. § 1692k(a)(2)(A);*

d. Costs of this litigation, including reasonable attorney's fees at the rate of $ 350 per hour for hours reasonably expended by her attorney in vindicating his rights under the FDCPA, pursuant to *15 U.S.C. § 1692k(a)(3),* the private attorney general doctrine.

e. Such other relief as the Court may be just and proper.

RESPECTFULLY SUBMITTED this 3rd day of September, 2008.

s/ Richard N. Groves<br>
Richard N. Groves,<br>
Attorney for Plaintiff